SHELTON v. WARMOTH ET AL.

[No. 13,796.    Filed April 9, 1930.]

*Floyd G. Christian* and *John Ogden,* for appellant.
*William P. Herod,* for appellee.

LOCKYEAR, J.—This was a suit for an accounting upon a complaint filed by George W. Warmoth against appellant, Maurice C. Shelton; the Fort Wayne Rolling Mill Corporation and Howell C. Rockhill were made parties for the reason that they were obligated to hold certain funds to which Warmoth was entitled.

The complaint alleged, in substance: That Warmoth was the owner of a patent for a certain reinforcement for roadways; that he granted Shelton exclusive right to have the same manufactured, and Warmoth was to receive a certain royalty on the amount of reinforcement sold for use in highways; that Shelton has had a quantity manufactured and sold for such use, the exact amount of which Warmoth did not know; and that Warmoth was entitled to his royalty. An accounting was asked for the purpose of determining the amount so sold and for judgment against Shelton for this amount.

The defendant Shelton filed a plea in abatement, to which a demurrer was sustained. He then filed a motion to make the complaint more specific, which was overruled. A trial was had, with finding and judgment for appellee George W. Warmoth and the appellant afterwards filed a motion for a new trial.

The errors relied upon by Shelton for reversal are: That the court erred in sustaining the demurrer of appellee Warmoth to the plea in abatement; that the court erred in overruling appellant's motion to make the complaint more specific; and that the court erred in overruling the appellant's motion for a new trial.

The plea in abatement challenged the jurisdiction of the Marion Superior Court on the ground that the complaint did not state the name of the court in which the alleged action was brought. A demurrer to this plea was sustained and rightly so. See *Citizens St. R. Co.* v. *Shepherd* (1902), 30 Ind. App. 193, 65 N. E. 765.

The complaint was amended by leave of court and no reversible error is shown in that regard. We are also of the opinion that the complaint was sufficient and the motion to make the same more specific was properly overruled.

The only other question we need to consider is the overruling of the appellant's motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence.

There was evidence introduced which showed that Warmoth and Shelton entered into the agreement as set out in the complaint; that Shelton was to pay Warmoth certain royalties for each square yard of reinforced concrete embodying said invention sold to and paid for by various contractors. The appellee corporation filed an answer acknowledging that it had $446 claimed by both Warmoth and Shelton and paid the same to the clerk subject to the order of the court. The court found that Shelton was indebted to Warmoth in the sum of $200, and rendered judgment accordingly. There is ample evidence to sustain the decision of the court. We find no reversible error in the record.

Judgment affirmed.